UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

RONALD WILLIAMS,

                              Defendant.

**MEMORANDUM AND ORDER**

13-CR-419 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

Defendant Ronald Williams was convicted by a jury of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) on January 24, 2018.  Defendant moves pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure to dismiss the indictment as to this charge for failure to state an offense. Defendant alternatively moves pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure to vacate the jury's verdict.  Oral argument was held on Defendant's motions on February 6, 2020.

## BACKGROUND

On December 6, 2017, a grand jury returned the Fourth Superseding Indictment (the "Indictment") against Defendant charging him with six counts.  (ECF No. 297.)  Relevant here, Count Five specifically charges that, on or about August 6, 2013, Defendant, "having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms . . ."  in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).[1]  (ECF No. 297 at 3-4.)  On

---

[1] The full text of the charge reads: "On or about August 6, 2013, within the Eastern District of New York, the defendant RONALD WILLIAMS, also known as 'Blackman,' 'Jermaine,' 'Leon Gordon' and 'Marcus Reese,' having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: a Smith & Wesson .40 caliber handgun, model 40ve with a defaced serial number; a Raven Arms .25 caliber handgun, model-MP25

December 12, 2017, Williams pleaded not guilty to all counts against him.  (*See* Minute Entry

Dated December 13, 2017.)

Trial as to all counts commenced on January 16, 2018.  (*See* Minute Entry Dated January

16, 2018.)  On January 23, 2018, the jury was charged as to Count Five, in relevant part, as

follows:

> To prove the crime charged here, the government would have to prove each of the following elements beyond a reasonable doubt:  *First*, that Mr. Williams was convicted in any court of a crime punishable by imprisonment for a term exceeding one year, as charged; *Second*, that Mr. Williams knowingly possessed the firearm or ammunition, as charged; and *Third*, that the possession charged was in or affecting interstate commerce.

(ECF. 340-1 at 67; Tr. 919:22-920:7.[2])  The Court further charged that:

> To satisfy the first element, you need only find that Mr. Williams was, in fact, convicted of a felony prior to the possession of the firearm or ammunition charged in this case.  In this case, Mr. Williams has stipulated to the fact that prior to August 6, 2013, he was convicted in a court of a crime punishable by imprisonment for a term exceeding one year.  Accordingly, you should regard this stipulated fact as true and that the government has thus proved this element.  I instruct you that, in this regard, Mr. Williams' prior conviction is one element of the charge and is stipulated to only to satisfy that element and for nothing else.  Because this stipulation pertains only to the first element, you are not to consider it for any other purpose.  You may not speculate as to the basis for the prior conviction.  You may not consider the prior conviction in deciding whether it is more likely than not that Mr. Williams was in knowing possession of the firearm or ammunition that is charged.

(ECF. 340-1 at 68; Tr. 920:16-921:7.)  On January 24, 2018, the jury found Defendant guilty of

all charges, including Count Five.  (*See* Minute Entry Dated January 24, 2018; Jury Verdict, ECF

No. 340.)

---

with serial number 1382875; a Smith & Wesson .22 caliber handgun, model 41 with serial number A117126; .25 caliber Winchester ammunition; .25 caliber FC ammunition; .40 caliber Smith & Wesson ammunition and .357 caliber Super ammunition."  (ECF No. 297 at 3-4.)
[2] Transcript on file with Chambers.

On June 21, 2019, in *Rehaif v. United States*, the Supreme Court addressed the question of whether "knowingly" in § 924(a)(2) requires the Government to prove that a defendant knew both that he engaged in the relevant conduct proscribed by § 922(g)—*i.e.,* possessed a firearm—and that he fell within the relevant status—*i.e.,* was a felon, an alien unlawfully in this country, or the like. 139 S. Ct. 2191, 2194 (2019). Answering the question in the affirmative, the Supreme Court held that as used in the statute, "knowingly" applies both to the defendant's conduct and to the defendant's status. *Id*. Accordingly, to convict a defendant for a violation of § 922(g), the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id*.

On August 20, 2019, the Presentence Investigation Report ("PSR") was filed, which states that in 2010, Defendant pleaded guilty to assault and illegally possessing a weapon and was sentenced to 18 months to 3 years' custody. (PSR ¶ 75.) Defendant served at least one continuous year in custody for his 2010 conviction—from May 26, 2010, when he was sentenced, to June 3, 2011, when he was paroled. (PSR ¶ 75.[3])

On October 22, 2019, the parties filed a joint request for an extension of time to file all sentencing materials to determine the impact, if any, of *Rehaif* on Defendant's conviction as to Count Five, which the Court granted on October 23, 2019. (ECF No. 399.) On December 20, 2019, Defendant filed the instant motion. (ECF No. 405.)

---

[3] On November 25, 2020, the Court asked the parties to state their positions as to whether they objected to certain facts in paragraph 75 of the PSR, including: (1) Defendant was sentenced to 18 months to 3 years' custody on May 26, 2010 on a charge of attempted assault in the second degree; and (2) Defendant was paroled on June 3, 2011. Both parties indicated that they do not object to these facts. (ECF Nos. 416; 417.) Accordingly, the Court adopts these facts in paragraph 75 of the PSR.

## STANDARD OF REVIEW

The plain error standard applies "to post-trial claims that could have been but were not raised during trial." *United States v. Sepulveda*, 420 F. Supp. 3d 153, 169 (S.D.N.Y. 2019). Courts have "unanimously applied a plain error standard in addressing convictions obtained before [*Rehaif*], at times when the circuits uniformly held that the knowledge element identified in *Rehaif* did not need to be alleged in an indictment, found by a jury, or proven beyond a reasonable doubt." *United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019). Under the plain error standard, the movant must demonstrate: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id. at* 96; *see also United States v. Simmons*, No. 08-CR-1280 (VEC), 2020 WL 6381805, at *4 (S.D.N.Y. Oct. 29, 2020) (applying plain error standard to a motion to dismiss an indictment under *Rehaif*).

## DISCUSSION

### I. Motion to Dismiss Indictment

Defendant maintains that Count Five should be dismissed because in failing to allege Defendant's knowledge of his prohibited status, the Indictment violated his Fifth and Sixth Amendment rights "to be tried only on charges presented in an indictment returned by a grand jury . . . [and] informed of the nature and cause of the accusation." (Def.'s Mot. 5, ECF No. 405.) The Court disagrees.

"Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." *United States v. Stringer*, 730 F.3d 120, 123–24 (2d Cir. 2013) (internal quotations omitted).

4

"An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). To avoid dismissal and "satisfy the pleading requirements of Rule 7(c)(1), an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.* at 124 (internal quotations omitted). Notably, the Second Circuit has regularly upheld indictments even where they have failed to include certain elements that must be proven beyond a reasonable doubt to secure a conviction. *Balde*, 943 F.3d at 91.

Here, Count Five charges Defendant, "having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms . . ." in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (ECF No. 297 at 3-4.) That language of the indictment mirrors § 922(g)(1), which provides:

> It shall be unlawful for any person who has been convicted in any court of,
> a crime punishable by imprisonment for a term exceeding one year . . . to
> ship or transport in interstate or foreign commerce, or possess in or
> affecting commerce, any firearm or ammunition; or to receive any firearm
> or ammunition which has been shipped or transported in interstate or
> foreign commerce.

18 U.S.C. § 922(g)(1). As required by Rule 7(c)(1), Count Five tracks the language of the statute and therefore satisfies Rule 7(c)(1)'s pleading requirement. Defendant, in an attempt to escape this conclusion, argues that the indictment did not sufficiently set forth that "knowingly" applies both to a defendant's possession of a weapon and his status as a member of a relevant category

5

of persons barred from possessing a firearm.  (Def.'s Mot. 6.)  Defendant's cited caselaw on this

point, however, is not persuasive.

Defendant argues that *United States v. Balde* supports the proposition that where "an

indictment that does not clearly indicate that the defendant is required to know he or she is in a

prohibited category may be deficient in some way and the government may avoid claims of such

deficiencies by taking care to correctly state the requirement in future indictments."  (Def.'s Mot.

6 (quoting *Balde*, 943 F.3d at 90-91).)  Defendant's quoted language fails to include the critical

point made by the Second Circuit.  That passage reads in full:

> Therefore, an indictment that does not clearly indicate that the defendant is
> required to know he or she is in a prohibited category may be deficient in
> some way (and the government may avoid claims of such deficiencies by
> taking care to correctly state the requirement in future indictments), *but its
> absence does not mean that the indictment fails to allege a federal offense
> in the sense that would speak to the district court's power to hear the case.*

*Balde*, 943 F.3d at 90-91 (emphasis added).  In a more fulsome reading of *Balde,* rather than

provide any support for Defendant, the case cuts strongly against him.

In *Balde*, the defendant—charged with a violation of § 922(g)(5)(A)—argued that under

*Rehaif*, the government is required to plead a defendant's knowledge of his unlawful status.  *Id.*

at 88.  The *Balde* court first addressed the sufficiency of the indictment and stated that, "the

standard for the sufficiency of an indictment is not demanding."  *Id.* at 89.  The language of the

indictment there was identical in all relevant respects to the indictment in this case,[4] and *Balde*

found "little doubt" that the indictment alleged the violation of a federal offense.  *Id.*  There, the

---

[4] The indictment in *Balde* charged the defendant as follows: "On or about December 14, 2015, in the Southern District of New York, SOULEYMANE BALDE, the defendant, being an alien illegally and unlawfully in the United States, knowingly did possess in and affecting commerce, a firearm and ammunition, to wit, a Rossi, Model 685, 38 Special caliber revolver, and 38 Special caliber cartridges, manufactured by Remington Peters, all of which previously had been shipped and transported in interstate and foreign commerce."  943 F.3d at 89.

case turned on whether the district court had jurisdiction to hear the case, rather than whether the government failed to state a claim.  *Id.*  Nevertheless, *Balde's* analysis is relevant here.  *See United States v. Simmons*, No. 08-CR-1280 (VEC), 2020 WL 6381805, at \*5-\*6 (S.D.N.Y. Oct. 29, 2020) (relying on *Balde's* analysis to a challenge to an indictment under *Rehaif*).  The Second Circuit reasoned that, "[i]f, as the Supreme Court held, the language of the *statute* includes a requirement that the defendant must have knowledge of his illegal status, it is difficult to understand how an *indictment* that tracks the exact language of the statute, and that expressly charges that the defendant violated it, fails on its face to charge that the defendant committed a federal crime."  *Balde,* 943 F.3d. at 90 (emphasis in original).  Likewise, here, it is impossible to read § 922(g)(1) as requiring knowledge of the defendant's prohibited status and simultaneously conclude that the Indictment, which mirrors the statute in all material respects, does not charge the same.

The remaining authority cited by Defendant is likewise unhelpful.  In *United States v. Phyfier*, the court did not reach this issue of whether an indictment needs to allege knowledge of prohibited status.  2019 WL 3546721, at \*1 (M.D. Ala. Aug. 5, 2019).  There, defendant had argued there was a defect in the first superseding indictment due to *Rehaif.  Id.*  However, any arguable defect was cured when the government obtained a second superseding indictment alleging the defendant "knowingly possessed a firearm and ammunition, knowing that he had been convicted of a felony."  *Id.* (internal quotations omitted).  Accordingly, the court had no opportunity to address the defendant's arguments, and *Phyfier* provides no support for Defendant's position.

Lastly, contrary to Defendant's contention, that the Government now expressly includes the knowledge requirement in all indictments charging defendants with being felons in

7

possession in this district is of no consequence.  (*See* Def.'s Mot. 6.)  The Court will not use the Government's current practices as evidence that prior practices were legally deficient.  Rather the Court looks to the Indictment, and finds that the Indictment, in tracking the language of the statute, states a claim.  Accordingly, Defendant's motion to dismiss Count Five of the Indictment is denied.

## II.    Motion to Vacate

Defendant argues that the Court must set aside the jury's verdict as to Count Five on the grounds that the Government failed to present evidence at trial that Defendant knew that he had been convicted of a felony at the time that he possessed the firearm and ammunition, and the jury instruction constituted plain error.  (Def.'s Mot. 6-7.)  At the time of Defendant's motion and subsequent oral argument, these questions were arguably unsettled questions of law in the circuit.  However, since then, the Second Circuit has spoken decisively on this issue.

In *United States v. Miller,* the defendant was convicted under §§ 922(g)(1) and  924(a)(2) following a jury trial.  954 F.3d 551, 557 (2d Cir. 2020).  The defendant in *Miller*, like here, stipulated to the fact of his prior felony conviction at trial, and the defendant did not contest the sufficiency of the evidence against him or his knowledge of his own prohibited status as a former felon in trial.  *Id.* at 558–59.  Under *Rehaif*, the *Miller* court found that the jury instructions, to which the defendant did not object, were "clearly erroneous in their omission of the government's obligation to prove [the defendant's] knowledge of his status as a former felon."  *Id.* at 558.  The same is true here.

The Second Circuit nevertheless affirmed the conviction based on the fourth prong of plain error review, which requires a showing that "the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* at 557–59.  Under this fourth prong of

8

plain error review, the Second Circuit considered the record as a whole, including the PSR, which revealed that the defendant's prior conviction resulted in a total effective sentence of ten years' imprisonment, of which he served three.[5]  *Id.* at 560.  The *Miller* court observed that the because the defendant stipulated to his § 922(g)(1) qualifying status, "at trial he likely would have sought to exclude, and would have been successful in excluding, the details pertaining to his prior offense as unnecessary and prejudicial embellishment on his stipulation."  *Id.* at 559. Against this backdrop, the Second Circuit determined it would "not penalize the government for its failure to introduce evidence that it had but that, prior to *Rehaif*, it would have been precluded from introducing."  *Id.* at 560.  Looking to the PSR, the Second Circuit ultimately concluded that the facts of the defendant's prior conviction "remove[d] any doubt that [the defendant] was aware of his membership in § 922(g)(1)'s class."  *Id*.  The *Miller* court further reasoned that, had the *Rehaif* issue been foreseen by the district court, the defendant "would have stipulated to knowledge of his felon status to prevent the jury from hearing evidence of his actual sentence." *Id.*  Accordingly, the district court's erroneous jury instructions did not rise to the level of reversible plain error.  *Id.*

*Miller's* reasoning applies with full force here.[6]  At trial, Defendant stipulated to his qualifying felony conviction.  (ECF. 340-1 at 68; Tr. 920:19-22.)  Moreover, according to the PSR, the relevant facts of which were not objected to by Defendant and have been adopted by this Court, Defendant served at least one continuous year in custody for a felony conviction—

---

[5] In *Miller*, the PSR had been adopted by the district court at the defendant's sentencing.  *Id.*  Here, while sentencing has not yet occurred, the Court solicited objections to the relevant sections of the PSR, and neither party having offered any, the Court adopted the relevant sections of the PSR.  *See supra* n.3.

[6] Defendant filed an unsolicited supplemental submission arguing that *Miller* was wrongly decided and the *Miller* court's approach has been "vehemently rejected" by the Third Circuit and called into question by the Fourth Circuit. (ECF No. 417 at 3-6.)  Defendant's disagreement with binding precedent does not provide this Court a basis to disregard *Miller.*

from May 26, 2010, when he was sentenced, to June 3, 2011, when he was paroled.  (PSR ¶ 75.)
Like in *Miller*, Defendant could have successfully argued for the exclusion of these facts at trial
on the grounds that such evidence would be duplicative and prejudicial.  Of course, equity would
have demanded a stipulation on this point.  This Court can find no basis to penalize the
Government—where the Second Circuit would not—for not introducing evidence that it had in
its possession.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Count Five of the Indictment or
vacate his conviction as to Count Five is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      February 17, 2021

/s/ LDH_____
LaSHANN DeARCY HALL
United States District Judge

10